UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALVARO DE LA TORRE-VALDEZ,

    Petitioner,

v.                                        Case No:  6:15-cv-1309-Orl-31GJK
                                                        (6:14-cr-262-Orl-31GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) (the "Motion to Vacate") filed by Petitioner pursuant to 28 U.S.C. § 2255.  For the reasons set forth herein, the Motion to Vacate is denied without prejudice.

    **I.**    **PROCEDURAL BACKGROUND**

A grand jury charged Petitioner by indictment with one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine.  (Criminal Case No. 6:14-cr-262-Orl-31GJK, Doc. 1).[1]  Petitioner pled guilty to the charge and, on July 27, 2015, the Court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of 125 months.  (Criminal Case Doc. 58).  Petitioner filed a notice of appeal (Criminal Case Doc. 63) on August 5, 2015, and the appeal remains pending with the Eleventh Circuit Court of Appeals.

---

[1] Criminal Case No. 6: 14-cr-262-Orl-31GJK will be referred to as "Criminal Case."

## II.  ANALYSIS

"[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief." *United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009).  As further discussed by the Eleventh Circuit Court of Appeals in *Casaran-Rivas*,

> Section 2255's statutory construction demonstrates that § 2255 was intended to afford strictly post-conviction relief.  *See* 28 U.S.C. § 2255(a), (f).  First, § 2255 allows "[a] prisoner in custody under sentence of a court" to challenge that sentence, such that the statutory language itself assumes that the movant already has been sentenced.  *See* 28 U.S.C. § 2255(a).  Also, § 2255, and the relevant case law, instruct that the time for filing a § 2255 motion begins to run after the direct appeal process is complete, such that the statutory language suggests that pursuit of habeas relief should follow pursuit of direct-appeal relief.  *See* 28 U.S.C. § 2255(f); *Akins*, 204 F.3d at 1089 n. 1; *Washington*, 243 F.3d at 1300; *Clay*, 537 U.S. at 532, 123 S. Ct. at 1079. Likewise, the reasoning cited by the courts who have held that collateral relief and direct-appeal relief cannot be pursued simultaneously, namely that the disposition of a direct appeal might render a habeas motion unnecessary, applies with equal force to pursuing habeas relief before direct-appeal relief. *See, e.g., Khoury*, 901 F.2d at 976.

*Id*. at 273.

In the present case, Petitioner fails to allege, and the record includes no reason to conclude, that the instant case presents extraordinary circumstances.  As such, the Motion to Vacate is denied without prejudice as premature.

## III.  CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### V.   CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED** as premature.

2. This case is **DISMISSED without prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to close this case. A copy of this Order shall also be filed in criminal case number 6:14-cr-262-Orl-31GJK.

5. The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. 66) filed in criminal case number 6:14-cr-262-Orl-31GJK.

**DONE** and **ORDERED** in Orlando, Florida on August 11, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 8/11